Matter of Awad v Fordham Univ. (2020 NY Slip Op 07695)





Matter of Awad v Fordham Univ.


2020 NY Slip Op 07695


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Friedman, J.P., Renwick, Singh, Kennedy, Shulman, JJ. 


Index No. 153826/17 Appeal No. 12698 Case No. 2020-00843 

[*1]In the Matter of Ahmad Awad et al., Petitioners-Respondents,
v
Fordham University, Respondent-Appellant. Standwithus, Amicus Curiae. Jewish Studies Scholars, Amici Curiae.


Cullen and Dykman LLP, Garden City (James G. Ryan of counsel), for appellant.
Maria C. LaHood and Alan Levine, Center for Constitutional Rights, New York, for respondents.
Aaron Eitan Meyer, Hauppauge, for Standwithus, amicus curiae.
Herbst Law PLLC, New York (Robert L. Herbst of counsel), for Jewish Studies Scholars, amici curiae.



Amended order and judgment (one paper), Supreme Court, New York County (Nancy M. Bannon, J.), entered August 6, 2019, which, to the extent appealed from as limited by the briefs, granted petitioners' motion to amend the petition to add Veer Shetty as a petitioner, denied respondent's motion to dismiss the petition, and granted the petition to annul respondent Fordham University's determination, dated December 22, 2016, denying petitioners' request to recognize their proposed student club as a registered organization, unanimously reversed, on the law, the motion to amend the petition denied, the motion to dismiss the petition as moot granted, this proceeding brought pursuant to CPLR article 78 dismissed, without costs.
The motion to amend the petition should have been denied, as petitioner Shetty, who was not a student at respondent university when the original petitioners' application for recognition of a student club was rejected, lacks standing to challenge a determination that caused him no injury in fact (see New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211 [2004]). To the extent Shetty, now that he has matriculated, wishes to join a club similar to the proposed one that was denied recognition by the administrative action at issue, he may submit a new application for recognition of such a club. Since Shetty has not yet submitted such an application, any claim he might assert is not ripe for adjudication inasmuch as no administrative action "final and binding upon [him]" has been rendered (Matter of see Ranco Sand & Stone Corp. v Vecchio, 27 NY3d 92, 98 [2016] [internal quotation marks omitted]). Given that the original petitioners have all graduated, their claims have become moot, inasmuch the relief they sought is no longer available to them (see Matter of Tessler v Board of Educ. of City of N.Y., 49 AD3d 428, 429 [1st Dept 2008]; see also Fox v Board of Trustees Of State Univ. of New York, 42 F3d 135, 140 [2d Cir 1994], cert denied 515 US 1169 [1995]). Given that students currently enrolled in the respondent university's undergraduate program may file an application for recognition of a similar club at any time, this is not a matter likely to evade judicial review.
Even if we had found that standing exists and therefore had considered the merits of the petition, we would have concluded that the petition should not have been granted. Respondent followed its approval procedure and acted "in the exercise of its honest discretion" (Matter of Powers v St. John's Univ. Sch. of Law, 25 NY3d 210, 216 [2015]). Respondent's conclusion that the proposed club, which would have been affiliated with a national organization reported to have engaged in disruptive and coercive actions on other campuses, would work against, rather than enhance, respondent's commitment open dialogue and mutual learning and understanding, was not "without sound basis in reason" or "taken without regard to the facts" (Matter of Pell v Board of Educ. of [*2]Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).
M-3748 — In re Awad, et al. v Fordham Univ.
Motion by Defending Rights and Dissent for leave to file a brief as amicus curiae granted and the brief accepted as filed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020